

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | NO. 3-04-CR-0081-H |
| VS. | § | NO. 3-05-CV-0317-H |
| | § | |
| CURTIS WAYNE HAMBRICK | § | (Consolidated With: |
| | § | No. 3-05-CV-0374-H) |
| Defendant. | § | |

### FINDINGS AND RECOMMENDATION OF THE
### UNITED STATES MAGISTRATE JUDGE

Defendant Curtis Wayne Hambrick, appearing *pro se*, has filed a motion for post-conviction relief pursuant to 28 U.S.C. §§ 2255 & 2241. For the reasons stated herein, the motion should be denied.

I.

Defendant was indicted by a federal grand jury on two counts of theft of mail by a postal employee in violation of 18 U.S.C. § 1709. On June 3, 2004, defendant pled guilty to count one of the indictment without a plea agreement. Punishment was assessed at five months imprisonment and five months home confinement, followed by supervised release for a period of two years. The district court also ordered defendant to make restitution in the amount of $882.39. No appeal was taken. Instead, defendant filed a motion for post-conviction relief pursuant to 28 U.S.C. §§ 2255 & 2241.

II.

In three grounds for relief, defendant contends that: (1) his conviction and sentence violate double jeopardy; (2) he received ineffective assistance of counsel; and (3) he is entitled to credit on

his federal sentence for time served on a related state sentence or, in the alternative, his federal and state sentences should run concurrently.[1]

A.

The government initially argues that defendant's double jeopardy claim is procedurally barred from collateral review. Post-conviction relief under section 2255 is generally limited to constitutional issues which could not have been raised on direct appeal and would, if ignored, result in a complete miscarriage of justice. *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991), *cert. denied*, 112 S.Ct. 978 (1992) ("[A] collateral challenge may not do service for an appeal."). In order to raise an issue for the first time on collateral review, a defendant must show "cause" for his procedural default and "actual prejudice" resulting from the error. *United States v. Frady*, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982). A defendant must satisfy this test even if he alleges fundamental constitutional error. *Murray v. Carrier*, 477 U.S. 478, 493-95, 106 S.Ct. 2639, 2648-49, 91 L.Ed.2d 397 (1986). The failure to establish either "cause" or "actual prejudice" forecloses collateral relief. *Frady*, 102 S.Ct. at 1594. The only recognized exception to this rule is in "extraordinary cases" where "a constitutional violation has probably resulted in the conviction of one who is actually innocent[.]" *Shaid*, 937 F.2d at 231, *quoting Murray*, 106 S.Ct. at 2649.

Defendant fails to explain why he did not raise his double jeopardy claim on direct appeal. He does not allege the presence of some objective factor external to the defense or the unavailability of a factual or legal basis to appeal his conviction on that ground. *See United States v. Guerra*, 94

---

[1] Defendant raised all three claims in a single motion filed on February 15, 2005. Upon initial screening, the magistrate judge determined that defendant's double jeopardy and ineffective assistance of counsel claims should be presented in a section 2255 motion, whereas his sentence credit claim should be presented in a section 2241 motion. As directed by the magistrate judge, the district clerk docketed the motion as two separate cases, then consolidated both actions under one cause number. *See* Order, 3/4/05.

F.3d 989, 993 (5th Cir. 1996). Nor has defendant demonstrated actual innocence within the meaning of *Murray* and *Shaid*. Consequently, he is precluded from raising this claim on collateral review.

B.

Defendant also complains that he received ineffective assistance of counsel because his "attorney did not speak on my behalf." (Def. Mot. at 6). However, defendant does not specify what, if any, arguments counsel should have made at the plea hearing or sentencing hearing that might have changed the outcome of this case. His vague and conclusory allegations do not merit post-conviction relief. *See United States v. Robles*, 1999 WL 1080924 at *3 (N.D. Tex. Nov. 30, 1999), citing *Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994) and *Barnard v. Collins*, 958 F.2d 634, 642 n.11 (5th Cir. 1992), *cert. denied*, 113 S.Ct. 990 (1993).

C.

Finally, defendant seeks credit on his federal sentence for time served on a related state sentence. Alternatively, defendant argues that his federal and state sentences should run concurrently.[2]

Defendant's sentence credit claim is governed by 18 U.S.C. § 3584, which provides, in pertinent part:

> (a) If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively . . .

\* \* \* \*

---

[2] At the time defendant was sentenced on the federal charge, he was under state indictment for one case of theft and two cases of forgery by check. (*See* PSR at 7, ¶¶ 33-35). Defendant subsequently was convicted on one or more of the state charges and sentenced to a term of imprisonment. He is currently serving his state sentence in the Hutchins State Jail of the TDCJ-ID.

> (b) The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a).

18 U.S.C. § 3584(a) & (b). Although the plain language of this statute suggests otherwise, the Fifth Circuit has held that a district court has discretion to order that a federal term of imprisonment run concurrent with a yet-to-be-imposed state sentence. *United States v. Hernandez*, 234 F.3d 252, 256 (5th Cir. 2000) (citing cases).

The judgment in this case does not specify whether defendant's federal sentence should run concurrent with or consecutive to any sentence to be imposed on the pending state charges. To the extent defendant contends the district court abused its discretion by not ordering that his federal sentence run concurrent with his state sentence, such a claim could have been raised on direct appeal. Defendant has failed to demonstrate "cause" for his procedural default or "actual prejudice" resulting from the error. *See Frady*, 102 S.Ct. at 1593. As a result, he is precluded from raising this claim on collateral review. *See Smith v. Wendt*, 2004 WL 1809777 at *2 (N.D. Tex. Aug. 12, 2004).

## RECOMMENDATION

Defendant's motion for post-conviction relief should be denied.

DATED: May 12, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE